# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RAFAEL VIGAL,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLAND, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00810-LJO-JLT PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>21-DAY OBJECTION DEADLINE |

Plaintiff, Larry Rafael Vigal, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 19, 2013 in the Northern District of California and is proceeding against Defendants Carol, Clayton, Sonny Perez, and Westergreen. This action was transferred to this Court on May 27, 2014 upon partial grant and partial denial of Defendants' motion to dismiss.  (Doc. 34.)

On May 28, 2014, this Court issued the new case documents (Doc. 37), which were returned by the United States Postal Service as "Undeliverable, Refused, Paroled" on June 23, 2014.  Plaintiff's copy of the Court's subsequent order requiring Defendants' to file a responsive pleading, filed July 9, 2014 (Doc. 40), was also returned as undeliverable on August 7, 2014. Further, Plaintiff has failed to file an opposition or otherwise respond to the Motion to Dismiss that Defendants filed on August 7, 2014.  (Doc. 42.)

Plaintiff is required to keep the Court apprised of his current address at all times, and Local

Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due by September 2, 2014, but he failed to file one and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since early 2013 and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Further, the opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery phase of the litigation.  *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.* at 1228.

Finally, given the Court's and Defendants' inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute.  *In re PPA,*

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

Accordingly, the Court HEREBY RECOMMENDS DISMISSAL of this action, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 15, 2014**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE